The Honorable Terry A. McMellon State Representative P.O. Box 189 Waldron, AR 72958-0189
Dear Representative McMellon:
I am writing in response to your request for my opinion regarding the following question:
 Is it legal for the city or county to charge business and commercial users a fee to pick up solid waste after implementing a countywide sales tax for that purpose?
In connection with your request, you have enclosed copies of the following:
 1. Scott County Ordinance No. 2001-17, dated June 25, 2001, levying a 1% sales and use tax within Scott County, subject to voter approval, "for solid waste purposes, including the collecting, storing, recycling, transporting and disposing of solid waste from the unincorporated areas of the County." The ordinance recites that the county and the cities of Waldron and Mansfield, both of which are located in Scott County, "have or will agree" that net tax collections will be divided among the county and cities 50% to the county, 40% to Waldron and 10% to Mansfield.
 2. Scott County Ordinance No. 2001-18, acknowledging Ordinance No. 2001-17, defining the term "single transaction" for purposes of tax computation, and calling for a special election to consider the tax on September 11, 2001. The ordinance recites that the ballot will allow the voters to either approve or disapprove the following:
 [A]doption of a 1% local sales and use tax within Scott County, the net collections of which remain after deduction of the administrative charges of the State of Arkansas, will be used for solid waste purposes, including, but not limited to, the collection, storage, recycling, transportation and disposal of solid waste and will be divided as follows: 50% to Scott County; 40% to the City of Waldron; and 10% to the City of Mansfield.
 3. City of Waldron Resolution No. 2001-006, dated July 9, 2001 — a "Resolution of Intent" declaring "a great need for a new source of funds to pay the costs of collecting, storing, recycling, transporting and/or disposing of solid waste"; expressing support for a 1% county-wide sales and use tax to be divided among Scott County and the cities of Waldron and Mansfield; with Waldron to receive "at least 40% of collections"; designating Waldron's share of collections "for solid waste purposes"; expressing an intent "to enter into an Interlocal Cooperation Agreement with the County and the City of Mansfield, Arkansas regarding the allocation and disposition of Tax collections"; and declaring that "if the Tax is approved, the City Council's intent is to terminate the City's solid waste fees for residential customers so long as collections of the Tax are available to pay the cost of solid waste services."
 4. A blank Absentee Official Ballot, dated September 11, 2001, setting forth verbatim the choice called for in Scott County Ordinance No. 2001-18.
 5. Correspondence, dated October 31, 2001, to you from a Waldron businessman, who has offered the following complaint:
 I understand city businesses will be required to pay after the tax goes into effect even though every news article since the July inception plainly states there would be no trash fees if the tax passed. The county will not charge any fees. The ballot did not specify any clarity about this. The resolution #2001-006 passed July 9, 2001 by the city which states "residential customers" was never released to the general public. The merchants that supported the tax requested residents vote for the tax to completely do away with trash fees. By duping the public with lack of information and unspecified ballot wordage the issue easily passed. Now with residential supposedly exempted the increases will fall upon businesses.
RESPONSE
Your request is somewhat confusing in that your question considered in isolation appears to assume that the countywide sales tax was validly enacted, whereas the material you have submitted in support of your request appears designed to establish that the election imposing the tax was flawed because of a misleading ballot title. If your only question is whether a city or county can charge businesses a fee for picking up solid waste even though the voters have approved a countywide sales tax to finance solid waste removal, I believe the answer is "yes," so long as the fee is reasonable, A.C.A. § 14-232-110 (Repl. 1998), and, possibly, so long as the ballot title in the election did not reflect a contrary intention. However, if you are further asking for my opinion regarding the sufficiency of the ballot title, I must respectfully decline to answer because the Code expressly directs that such questions be directed to the chancery (now circuit) courts. A.C.A. § 26-74-209 (Repl. 1997).
Section 14-232-110 of the Code provides in pertinent part that "[c]ounties and municipalities are authorized to impose upon and collect from all persons who can be served by a project reasonable rates and charges for the services of the project. . . ." Title 26, chapter 74, subchapter 2 of the Arkansas Code (Repl. 1997 Supp. 2001) further authorizes voters to adopt sales and use taxes for "capital improvements of a public nature" — a category that includes "solid waste facilities." A.C.A. § 26-74-203(2)(R). Neither logic nor any provision of the Code suggests that these two mechanisms for financing waste disposal are mutually exclusive. On the contrary, so long as it would be "reasonable" to charge businesses a waste pickup fee to supplement tax revenues — a proposition that on its face seems plausible, given that a business normally generates considerably more refuse than a household — imposing such a fee would be specifically authorized under A.C.A. § 14-232-110. The question of whether the fee at issue in your request is reasonable is one of fact that I am neither equipped nor authorized to address. See
Ark. Op. Att'y Gen. No. 92-290 (characterizing "reasonableness" under A.C.A. § 14-232-110 as a factual issue).
Assuming you are further questioning the legitimacy of the tax itself, as your supporting documents suggest, I must decline to render an opinion. Scott County Ordinance No. 2001-17 and Waldron Resolution No. 2001-006 recite as the authorizing legislation for the tax at issue title 26, chapter 74, subchapter 2 of the Arkansas Code (Repl. 1997 Supp. 2001), which sets forth in detail the procedures for adopting sales and use taxes for capital improvements. Your supporting documentation suggests that the ballot title misled Scott County voters in not specifying that Waldron businesses would continue to be subject to a fee for solid waste disposal even if the voters approved the tax. The constituent businessman who prompted your request is thus in effect inclined to challenge the legitimacy of the election.
Section 26-74-209 of the Code, which addresses the procedure for handling alleged improprieties in the conduct of sales- and use-tax elections, provides in pertinent part:
* * *
 (b) Once the election results have been certified, the county court shall immediately issue a proclamation declaring the results of the election and cause the proclamation to be published one (1) time in a newspaper having general circulation within the county.
 (c) Any person desiring to challenge the results of the election as published in the proclamation shall file such challenge in the chancery court[1] of the county within thirty (30) days after the date of publication of the proclamation.
 (d) If no election challenge is timely filed, the countywide tax shall be levied, effective on the first day of the first month of the calendar quarter subsequent to the expiration of the thirty-day challenge period. . . .
As reflected in this statute, the legislature has established a relatively narrow window of opportunity to challenge election results in the courts. In recognition of the judiciary's independent constitutional role, it has long been the Attorney General's policy, as an officer in the executive branch of government, to refrain from rendering opinions on issues that either are or appear inevitably bound to become the subject of litigation. Accordingly, assuming your constituent continues to believe that the ballot title misled the voters of Scott County, I can only advise him to seek counsel and to consider availing himself of his statutory remedies.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
[1] Since the adoption of Ark. Const. amend. 80 in November 2000, the chancery court has been redesignated the "circuit court."